JOHN BRYANT ET AL. *v.* H. ROSENBAUM & CO. ET AL.

SUPREME COURT PRACTICE.   *Appeal from order setting aside pro confesso in chancery.   Absence of bill of exceptions.   Presumption.*

Section 1889 of the Code of 1880 provides that no *pro confesso* on a bill in chancery, taken in pursuance of its provisions, "shall be set aside without good cause shown."   Upon appeal from an order setting aside a *pro confesso*

under this statute, if the record contain no bill of exceptions it will be pre-sumed that there was evidence adduced before the Chancellor showing "good cause" for such order, even though the record may contain affidavits filed in support of the motion for the order which fail to show "good cause."

APPEAL from the Chancery Court of Panola County.

HON. J. G. HALL, Chancellor.

From an order of the court below setting aside a *pro confesso* order and allowing the defendants, Henry Rosenbaum and others, to file their answer, the complainants, John Bryant and others, appealed to this court. No bill of exceptions appears in the record, but it contains several affidavits, filed in support of the motion upon which the order appealed from was based.

*Shands & Johnson,* for the appellants.

The only question in this record is, whether a complainant in chancery under the statutes of Mississippi has any rights, which a defendant must respect, as to the length of time that must elapse after institution of suit and service of process before he shall have his day in court for the hearing of his cause. Is there always a day in the future upon whose coming a negligent defendant shall surely receive condonation if he but do those things which he ought to have done at the time apparently required by statute ?

"The laws assist those who are vigilant, not those who sleep over their rights." In the discussion of this maxim, Mr. Brown, in his work on legal maxims, on page 858, says, "The rule before us is obviously applicable whenever a party debars himself of a legal right or remedy by his own negligence or *laches,*" and Sim-rall, J., in *Pittman* v. *McClellan,* 55 Miss. 304, says that "A judg-ment *pro confesso* obtained by superior diligence is not an unequit-able or unconscientious advantage, but one that is in entire accordance with the practice of the court." It is, therefore, reason-able that the defendant who wants relief against apparent negligence should *satisfy* the court that he is *without blame or laches,* and that he is ready then to file a meritorious answer.

*Miller & Rainwater* and *J. B. Boothe,* for the appellees.

The sole question for this court is, did the court below set aside

the *pro confesso* taken by complainants at rules, and permit answer to be filed "upon good cause shown"?   Code 1880, § 1889.

It is the *duty* of the Chancellor to vacate a *pro confesso* for good cause shown, etc.   *Pittman* v. *McClellan*, 55 Miss. 299.

Setting aside a *pro confesso* is a matter within the sound discretion of the chancery court, and this court will not disturb such action unless there has been an abuse of discretion to the injury of complainants.   *Yost* v. *Alderson*, 58 Miss. 40.

Now, while the cause shown the court below in this case for vacating the *pro confesso* is in part shown by affidavits, there were other good and sufficient reasons submitted why the *pro confesso* should be vacated.   If those reasons do not appear from the record, it is respectfully submitted that this court cannot assume that no other reasons were shown, but the presumption of law is that the court below had *other* good and sufficient reasons for setting aside the *pro confesso* not disclosed by affidavits filed.

COOPER, J., delivered the opinion of the court.

No bill of exceptions was taken embodying the evidence introduced in support of the motion to set aside the *pro confesso*.   Admitting that the affidavits which appear in the record do not show good cause for setting aside the decree, *non constat* that there was other testimony offered which warranted such action, and in the absence of an affirmative showing that all the testimony appears in the record, we must, in support of the decree, assume that there was such other evidence.

*The decree is affirmed.*